# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TANYA JOHNSON,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>DEPARTMENT OF THE AIR FORCE NELLIS AIR FORCE BASE, et al.,<br><br>　　　　Defendants. | Case No. 2:14-cv-00631-RFB-NJK<br><br>ORDER GRANTING MOTION TO STAY DISCOVERY<br><br>(Docket Nos. 40, 44) |

Pending before the Court is the parties' unopposed motion to stay discovery pending resolution of Defendants' supplemental briefing for reconsideration of the Court's order on its motion to dismiss. Docket No. 40; *see also* Docket No. 29 (supplemental briefing). Also pending before the Court is a stipulation to extend discovery deadlines. Docket No. 44. The Court finds this motion properly decided without oral argument. *See* Local Rule 78-2.

"The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). The case law in this District makes clear that requests to stay all discovery may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).[1]

---

[1] Conducting this preliminary peek puts the undersigned in an awkward position because the assigned district judge who will decide the motion to dismiss may have a different view of its merits. *See Tradebay*, 278 F.R.D. at 603. The undersigned's "preliminary peek" at the merits of that motion is not intended to

The Court finds each of these elements exists here. First, the pending request for reconsideration is potentially case-dispositive as it raises the preliminary issue of the Court's subject matter jurisdiction and will completely dispose of the case if granted. Second, the request for reconsideration can be decided without discovery. Third, the Court is convinced that Plaintiff will be unable to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) because this Court lacks subject matter jurisdiction under Title VII. Accordingly, the joint motion to stay discovery (Docket No. 40) is hereby **GRANTED**. As the Court has granted the motion to stay discovery, the stipulation to extend discovery deadlines (Docket No. 44) is hereby **DENIED** as moot.

IT IS SO ORDERED.

DATED: July 8, 2016.

_____
NANCY J. KOPPE
United States Magistrate Judge

---

prejudice its outcome. *See id.*